UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JAY E. HOLSTEIN,
          Appellant,

       v.

SOCIAL SECURITY
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
PH-0752-19-0050-I-1

DATE: November 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jay E. Holstein, Mechanicsburg, Pennsylvania, pro se.

Catherine E. Hamilton, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant was employed by the agency as an Attorney in the agency's Office of Hearing Operations (OHO). Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 18. On November 6, 2018, the appellant filed this appeal, and he made the following allegations: (1) he was constructively terminated; (2) he was a "100% [] service-connected disabled veteran" with "serious health issues"; (3) the agency subjected him to a hostile work environment; (4) his supervisor was late in approving his request for leave under the Family and Medical Leave Act of 1993 (FMLA); and (5) she only approved his FMLA leave after he had filed an equal employment opportunity (EEO) complaint.[2] IAF, Tab 1 at 3, 5.

---

[2] The chronology regarding the appellant's constructive termination claim is confusing. For example, in his November 6, 2018 initial appeal paperwork, the appellant stated that his constructive termination occurred 4 days later, on November 10, 2018. IAF, Tab 1 at 3. After he filed this appeal, he informed the agency that he had instead decided to retire, and he requested and was granted leave without pay/FMLA leave beginning on November 13, 2018. IAF, Tab 4 at 19, 21. The agency includes an affidavit on review indicating that the appellant continued to work at the agency until January 5, 2019. Petition for Review File, Tab 3 at 13-14.

¶3      The administrative judge ordered the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. IAF, Tab 5. The appellant's timely December 4, 2018 response contained one sentence: "I wish to withdraw my complaint that [was] filed concerning Social Security OHO." IAF, Tab 6 at 3. The administrative judge thereafter dismissed the appeal as withdrawn. IAF, Tab 7, Initial Decision.

¶4      The appellant timely filed a petition for review, indicating that he withdrew his appeal because he never received an agency response to his December 2018 emails regarding his return to work following his FMLA leave or to his November 27, 2018 email regarding his desire to settle his EEO complaint, which aggravated his depression and prevented him from going forward with his appeal. Petition for Review (PFR) File, Tab 1 at 3-4. The appellant requests that the Board address his constructive termination. *Id.* at 5. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012). However, a relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action. *Id.*

¶6      In his petition for review, the appellant does not argue that he withdrew his appeal due to misinformation, nor does he request that his appeal be reopened due to new and material evidence. PFR File, Tab 1. He instead only asserts that he withdrew his appeal because the agency's failure to respond to his late November 2018 and early December 2018 emails exacerbated his depression. *Id.* at 3-4.

¶7     The Board may relieve an appellant of the consequences of his decision to withdraw his appeal when he shows that the withdrawal was involuntary because of mental distress. *Auyong v. Department of the Navy*, [97 M.S.P.R. 267](), ¶ 4 (2004). In determining if reinstatement of the appeal is warranted, the Board considers whether the appellant was represented below, has demonstrated that he was mentally impaired at the time, and has otherwise shown that he was unable to understand fully the nature of the action in question or to assist his representative in regard to the appeal. *Id.* In *Auyong*, the appellant submitted his own declaration in support of his claim that his withdrawal was due to mental illness (depression and psychosis) along with a report from his psychologist who opined that, but for his depression and some other extenuating circumstances, the appellant would not have withdrawn his appeal. *Id.*, ¶¶ 5-6. The Board found that although the appellant's evidence established that he suffered from a mental illness, he nevertheless failed to show that he was unable to understand fully the nature of the action in question and it therefore denied his request to reinstate his appeal. *Id.*, ¶¶ 7, 9.

¶8     Here, although the appellant was pro se, he is himself an attorney. IAF, Tab 1 at 3. We have considered whether the appellant had a mental impairment at the time he withdrew his appeal. In his initial appeal, the appellant stated that he was a "100% [] service-connected disabled veteran" with "serious health issues." *Id.* at 5. The agency certified that on October 30, 2018, the appellant made an informal complaint of discrimination based on his age and an unspecified mental disability regarding the agency's decision not to respond to his FMLA request. IAF, Tab 4 at 17. According to emails between the appellant and the agency, the appellant was on leave without pay/FMLA leave from November 13 to December 10, 2018, which coincided with his request to withdraw his appeal. *Id.* at 19-29. Other than his depression, PFR File, Tab 1 at 4, the appellant has identified no other medical conditions.

¶9        Even if we consider the appellant's depression as a mental impairment during this time frame, he has failed to provide any medical documentation in support of his contention, or any explanation as to how his depression affected his ability to understand fully the nature of the action in question.  Accordingly, we find that the record does not warrant relieving the appellant of the consequences of his decision to withdraw the appeal, and we deny his request to reinstate his appeal.  Because we affirm the administrative judge's decision to dismiss the appeal as withdrawn, we need not address the merits of his constructive termination claim.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] The appellant previously appealed an alleged involuntary resignation from a different agency, which an administrative judge dismissed for lack of jurisdiction.  *Holstein v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-17-0210-I-1, Initial Decision (June 19, 2017).  The appellant has filed a petition for review of that initial decision, and the Board will address the arguments raised therein in a separate order.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.